Henry F. Thompson, Doing Business under the Name of Bollentin & Thompson, Appellant, *v.* P. H. Keahon, Inc., and Patrick Francis Millberger, Respondents.

Supreme Court, Appellate Term, First Department, December, 1922.

**Bailment — transportation of goods by truckman to government appraisal stores — duty of reasonable care — evidence.**

Where merchandise invoiced to plaintiff and requiring government appraisal was transported by defendant as truckman under a contract with the government, from the pier at which the merchandise was landed to the United States Appraisal Stores, the presumption is that defendant was in the possession of the goods as an ordinary bailee with the consent of the plaintiff, and could only be relieved from a failure to deliver the bailment in the condition it was received by it by the use of reasonable care in the course of transportation, and an instruction to the jury to exonerate the defendant unless gross negligence on

its part had been shown, was sufficiently prejudicial to require the reversal of a judgment in its favor, with direction for a new trial.

The plaintiff, in order to establish that defendant's driver took more than a reasonable time to cover the distance from the pier to the appraisal stores, offered to show by a witness the length of time it took him to go from said pier to the ferry. *Held*, that in the absence of proof that the conditions as to the size and weight of the trucks, the extent of the traffic, the weather, etc., under which the witness made his trip, were similar to the conditions on the night the defendant's driver transported the goods in question, the offered testimony was valueless and inadmissible, and was, therefore, properly excluded.

The driver of the truck in question was the defendant's employee and under its exclusive control and direction, and under the principle of *respondeat superior* the defendant must bear the responsibility for any omission, if there be such omission, of the driver to exercise reasonable care.

APPEAL by the plaintiff from a judgment in favor of the defendants, entered in the City Court of the city of New York after a trial upon the verdict of a jury.

*Merrill, Rogers & Terry*, for appellant.

*Sutta & Frankel*, for respondents.

WAGNER, J. We are asked to review three exceptions taken by the plaintiff on the trial. As to the first exception, the court below properly excluded evidence of one Douglas " as to the length of time it took him (Douglas) to go from Pier 3 on Staten Island to the ferry." This offer was made to establish that defendant's driver took longer than a reasonable time to cover the distance with his truck, from pier 3, Staten Island, to the United States Stores at Greenwich street, Manhattan. Without proof that the conditions as to size of the trucks, the extent of the traffic, the weight of the trucks, the weather, etc., under which Douglas made his trip were similar to the conditions on the night the defendant's driver transported the rugs in question, and there is no such proof, his testimony was valueless and inadmissible. We think the court, however, erroneously described the defendant as a gratuitous bailee, and the defendant's exception to that definition made in the court's charge was sound. The defendant, in pursuance of a contract with the government, transported merchandise, invoiced to the plaintiff and requiring government appraisal, from the pier at which the merchandise was landed to the United States Appraisal Stores. The weighing and inspection is a condition precedent to the delivery of the merchandise to the consignee. Under such circumstances, we must presume that the defendant's possession of the goods was with the consent of the plaintiff. He knew, or is presumed to know, that imported merchandise must be submitted for inspection and appraisal at the United States Stores, to which it is necessary to carry them from the landing

Appellate Term, First Department, December, 1922.        [Vol. 120

place.   The defendant was in possession of plaintiff's goods, therefore, as an ordinary bailee; its duty was to deliver the bailment in the condition in which it received the same, and it can only be relieved from a failure to make such delivery by the use of reasonable care in the course of such transportation.   It follows, therefore, that the court's charge instructing the jury to exonerate the defendant " unless gross negligence has been proven on the part of the defendant Keahon " was an error sufficiently prejudicial to require a reversal.

The defendant performed its services as truckman under a contract with the government, for which it received remuneration.   The driver in charge of the truck in question was defendant's employee, under its exclusive control and direction in the execution of its contractual obligations.   The defendant does not occupy the position of the public agent who is exempt from responsibility for any negligent acts of his subordinates.   The distinction between defendant's relations with the government and that of a public agent is well stated in Hare & Wallace, 1 Am. Lead. Cas. 785, where it is said that the responsibility of a public officer for the acts and defaults of those employees under him depends upon the question whether such persons are acting in the public service as agents by direct appointment or by authorized subappointments or whether they are his private agents and servants employed by virtue of his own individual and independent authority and paid by and responsible to him, whom he can employ, retain and dismiss at will.   While perhaps in some jurisdictions a different rule has been followed, we think a proper consideration of public welfare required the application by our courts of the principle *respondeat superior* to the facts in the case at bar, namely, that the defendant bear the responsibility for any omission, if there be such omission, of his driver to exercise reasonable care.   The wisdom and justice of the adoption of the above-stated maxim in furtherance of the public interest becomes manifest when we consider the expansion in latter years of governmental functions where special services, such as above rendered, are frequently contracted for in the interest of economy and to expedite public business.

For the foregoing reasons the judgment is reversed and a new trial ordered, with costs to appellant to abide the event.

LEHMAN and McAVOY, JJ., concur.

Judgment reversed.